IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tony Smallwood, Beth Smallwood, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Ocean Harbor Casualty Insurance )<br>Company, )<br>)<br>Defendant. ) | Case No. 4:23-cv-06197-JDA<br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court on a motion for summary judgment filed by Defendant. [Doc. 44.] Plaintiffs filed a response in opposition on November 21, 2024 [Doc. 61], and Defendant filed a reply on November 29, 2024 [Doc. 63]. This motion is ripe for review.

**BACKGROUND**[1]

In ruling on a motion for summary judgment, this Court reviews the facts and reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*,

---

[1] Pursuant to the undersigned's Rule 56 Summary Judgment Motion Procedures, the parties submitted a joint statement of stipulated material facts [Doc. 52], a movant's statement of material facts [Doc. 45], and an opponents' statement of material facts [Doc. 62]. Plaintiffs did not fully comply with the Court's requirements for the opponents' statement in that they failed to delineate whether each of Defendant's facts were "disputed or undisputed"; likewise, Defendant also did not fully comply with the Court's requirements in that it failed to file a reply statement delineating whether each of Plaintiffs' facts in their opponents' statement were disputed or undisputed. Accordingly, the facts provided by both parties will be deemed undisputed for the purposes of the motion for summary judgment, and the Court will cite to these documents for the relevant facts included herein. *See* Summary Judgment Motion Procedures ("All facts asserted in the Movant's Statement of Material Facts or in the Opponent's Statement of Material Facts shall be deemed admitted for the purpose of deciding the summary judgment motion unless specifically disputed or controverted as set forth herein, including specific, pinpoint references to evidence in the record.").

550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).

This dispute arises out of Defendant's denial of coverage for a claim made by Plaintiffs for damage in their mobile home. Defendant issued a mobile home insurance policy to Plaintiffs for their residence in Conway, South Carolina, for the relevant policy period of July 14, 2021, until July 14, 2022 (the "Policy"). [Doc. 52 ¶¶ 1–2.] In May 2022, one of Defendant's independent field adjusters, Jay Helms, was at Plaintiffs' home investigating an unrelated claim when Plaintiff Tony Smallwood ("Mr. Smallwood") informed Mr. Helms of sagging subflooring in the living room. [Docs. 45 ¶¶ 19–20; 62 ¶ 2.] Mr. Helms inspected the crawlspace to determine the cause of the sagging subflooring and determined that the damage appeared to be related to the presence of humidity and condensation saturating the subflooring, and that there were no indications of a plumbing leak. [Doc. 45 ¶¶ 21–27.] Plaintiffs submitted a claim for the sagging subfloor on June 15, 2022, designated Claim No. 2022-390001790 (the "Disputed Claim"). [Docs. 52 ¶ 4; 45 ¶ 24.] Mr. Helms was assigned to the Disputed Claim, and in his report, he noted that his inspection of the crawlspace on May 26, 2022, "revealed damages belly papper [*sic*] and missing insulation in the vicinity of the sagging flooring" and that it appeared that "the presence of humidity and condensation over a period of weeks or months ha[d] resulted in the saturation of the particle board subflooring." [Doc. 45 ¶¶ 25–27 (internal quotation marks omitted).]

On June 30, 2022, Defendant denied insurance coverage for the Disputed Claim, citing Mr. Helms's findings that "[i]t appears that the presence of humidity and condensation over a period of weeks or months has resulted in the saturation of the

2

particle board subflooring," and concluding that "[w]ear and tear is excluded under [the Policy] as outlined below" (the "Denial Letter"). [Docs. 52 ¶ 5; 62 ¶¶ 12–14 (emphasis omitted).]

Following denial of the Disputed Claim, Plaintiffs engaged Dawn Schoolcraft of Asbestos Inspections LLC to conduct an inspection and provide an evaluation report concerning mold contamination in their home, and she concluded that the crawlspace had sustained water damage stemming from condensation from the HVAC due to holes in the belly wrap. [Doc. 45 ¶ 35.] Plaintiffs' legal counsel also sent a letter in October 2022 to Carolina Cool, Inc., a company that installed a replacement HVAC unit in Plaintiffs' home in November 2020, indicating "that the installation of the HVAC system purchased from and installed by Carolina Cool was defective and caused moisture damage to the Smallwood [R]esidence" and requesting that Carolina Cool cure the defects and resulting damages. [*Id*. ¶¶ 36–37 (internal quotation marks omitted).]

Plaintiffs filed this action in the Horry County Court of Common Pleas on November 13, 2023 [Doc. 1-1], and Defendant removed it to this Court on December 1, 2023 [Doc. 1]. Plaintiffs assert claims for breach of contract and bad faith against Defendant, alleging that Defendant's denial of their claim for property damages was a breach of the Policy and constituted bad faith. [Doc. 1-1.]

## **APPLICABLE LAW**

**Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id*. at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id*. at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id*.  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Id*. at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id*.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

4

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

Defendant moves for summary judgment on both claims asserted against it. [Docs. 44; 44-1.] Based on the below analysis, the Court denies Defendant's motion.

**The Parties' Arguments**

Defendant argues that the Policy does not provide insurance coverage for Plaintiffs' claim because the damage does not meet the definition of a "loss" under the Policy, and that even if it did, there are several exclusions in the Policy that apply. [Doc. 44-1 at 7–26.] As a result, Defendant argues it had a reasonable basis upon which to contest and deny the Disputed Claim. [*Id*. at 26–31.]

In response, Plaintiffs argue that there are genuine issues of material fact as to the cause of the suspected water/moisture intrusion damage, and that Defendant improperly denied the Disputed Claim without first determining the cause of the damage. [Doc. 61 at 4–6, 17–19.] Plaintiffs further argue that any evidence presented by Defendant following denial of the Disputed Claim should not be considered by the Court, and that the exclusions cited by Defendant in the denial letter do not apply. [*Id*. at 9–15.]

5

**The Relevant Policy Language**

The Court begins with the relevant Policy language.  Subject to certain limitations and exclusions, the Policy provides coverage for "any **loss** to an **insured person's** property."  [Doc. 52-1 at 13.]  A "loss" is defined as "direct, sudden, and accidental damage."  [*Id*. at 10.]

The Policy's exclusions bar coverage for

> 2. **loss** due to and confined to wear and tear, lack of maintenance, neglect or abusive use, mold, rotting, rust, corrosion, insects and vermin, rodents, reptiles, birds or domestic animals.
>
> 16. **loss** resulting from settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs or ceiling.

[*Id*. at 14–15 (the "Wear and Tear Exclusions").]

**Analysis**

To prove a claim for bad faith under South Carolina law, an insured must show

> (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured.

*Crossley v. State Farm Mut. Auto. Ins.*, 415 S.E.2d 393, 396–97 (S.C. 1992).  To state a claim for breach of contract, a plaintiff must allege "(1) a binding contract entered into by the parties; (2) breach or unjustifiable failure to perform the contract; and (3) damage as a direct and proximate result of the breach."  *King v. Carolina First Bank*, 26 F. Supp. 3d 510, 517 (D.S.C. 2014) (applying South Carolina law)

Viewing the evidence in the light most favorable to Plaintiffs, a reasonable jury could find that Defendant's only reason for denying coverage was because Plaintiffs' loss was excluded under the Wear and Tear Exclusions.[2]  The Denial Letter concluded:

> We reviewed your policy and regretfully find no coverage for your loss.  Wear and tear is excluded under your policy as outlined below.

[Doc. 52-3.]  The letter then reproduced the definition of a "loss" and the language of the Wear and Tear Exclusions.  [*Id*.]  With respect to these exclusions, Plaintiffs argue that because there are material facts in dispute as to the cause of the damage, a jury could conclude that Defendant acted unreasonably in denying the claim before first determining the cause of the damage.  [Doc. 61 at 4–8.]  Plaintiffs maintain that except for the brief physical inspection conducted by Mr. Helms during his visit for an unrelated claim, Defendant did not conduct any follow-up investigation to determine the cause of the sagging floor and instead denied the Disputed Claim less than two weeks after it was submitted.  [*Id*. at 4–6, 17.]  Plaintiffs further contend that Defendant has not produced

---

[2] Defendant argues the evidence shows that Plaintiffs' water/moisture intrusion problems had been ongoing for an extended time period—months, if not years—and that Plaintiffs therefore cannot prove that their property damages were "sudden and accidental" such that they constituted a "loss" under the Policy. [Doc. 44-1 at 8–21.] However, because a jury could find that the Denial Letter communicates that Defendant denied coverage solely based on the applicability of the Wear and Tear Exclusions, the question of whether Plaintiffs' damages constituted a "loss" under the Policy is not dispositive.  Instead, the Court must determine if there are genuine issues of material fact as to whether Defendant acted reasonably in denying coverage on the basis of the Wear and Tear Exclusions and/or breached its contract with Plaintiffs by failing to properly investigate their claim.

any evidence that the Wear and Tear Exclusions apply and therefore did not have a basis to deny the Disputed Claim under either exclusion.[3] [*Id.* at 10–12.]

Upon consideration of the parties' arguments and the evidence before the Court at this time, the Court finds that genuine issues of material fact exist with respect to Plaintiffs' claims. Accordingly, Defendant's motion for summary judgment is denied.

## CONCLUSION

For these reasons, Defendant's motion for summary judgment [Doc. 44] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 4, 2025
Florence, South Carolina

---

[3] The Court agrees with Plaintiffs that Defendant cannot rely on post-denial evidence to state additional reasons not available at the time of denial as to why denial of coverage was proper. *See Howard v. State Farm Mut. Auto. Ins.*, 450 S.E.2d 582, 584 (S.C. 1994) ("Whether an insurance company is liable for bad faith must be judged by the evidence before it at the time it denied the claim . . . . Evidence that arises after the denial is not relevant to the propriety of the conduct of the insurer at the time of its refusal.").